THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES HUTCHINS, Appellant.

Third Department, February 21, 1974.

*Francis A. Woidzik* for appellant.

*Charles E. Hardies, Jr., District Attorney,* for respondent.

MAIN, J. This is an appeal from a judgment of the County Court of Montgomery County, rendered November 29, 1971, convicting defendant, on his plea of guilty, of the crime of arson in the second degree.

The facts briefly are these. The October, 1971 Term of the Grand Jury of Montgomery County handed down an indictment in five counts against defendant and three other men. The first count of the indictment charged the four men with "the crime of arson in the second degree in violation of §150.10, Subdivision 1 of the Revised Penal Law" in that, allegedly, they had intentionally damaged a barn in the Town of St. Johnsville, Montgomery County, by starting a fire therein on or about September 25, 1971. Defendant pled guilty to this charge in full satisfaction of the indictment and was, accordingly, convicted of arson in the second degree and sentenced to an indeterminate term of imprisonment, not to exceed 10 years.

On appeal his first contention is that the indictment and judgment against him do not state the crime for which he stands accused, and this argument is not without merit. While the facts alleged in count one of the indictment are sufficient to constitute a violation of section 150.10 of the Penal Law, this section deals with the crime of arson in the third degree, a class C felony. As noted above, however, defendant was indicted and convicted for the crime of arson in the second degree, a more serious class B felony covered by section 150.15 of the Penal Law. The difficulty apparently arose from a mislabeling of the first count of the indictment and can, in all likelihood, be traced to a change in the designation of section 150.10 of the Penal Law from arson in the second degree to arson in the third degree on September 1, 1971, just prior to all of the above occurrences. Nevertheless, the fact remains that the defendant stands convicted of and sentenced for a crime for which he was not properly indicted.

Such a result is clearly prejudicial. Thus, when imposing sentence, the trial court might well have considered defendant to be guilty of the more serious class B felony with its correspondingly greater maximum permissible indeterminate term (Penal Law, § 70.00, subd. 2) and, furthermore, the defendant would obviously be burdened for the remainder of his life, as when seeking parole or employment, with a conviction more serious than is justified on this record.

We must take proper action to rectify this situation. In so doing, we first recognize that the factual allegations of an indictment are controlling and that an indictment is not rendered defective merely because it sets forth a higher degree of crime than is warranted by said allegations (*People* v. *Randall*, 9 N Y 2d 413). Thus, in the instant case, defendant, by his guilty plea, unquestionably admitted to the truthfulness of factual allegations sufficient to constitute the crime of arson in the third degree (Penal Law, § 150.10) and we, therefore, reduce his conviction to arson in the third degree and remit this case to the Montgomery County Court for resentencing. This result removes any prejudice which the defendant might suffer as a result of the mislabeled indictment and is consonant with CPL 470.15 (subd. 2, par. [a]) and CPL 470.20 (subd. 4) which, though dealing expressly with appellate determinations after trial, can be analogized to the situation here.

We have examined defendant's remaining contentions and find them to be without merit.

The judgment should be modified, on the law and the facts, so as to reduce the arson in the second degree conviction to arson in the third degree and, as so modified, affirmed; matter remitted to the County Court, Montgomery County, for resentencing.

HERLIHY, P. J., STALEY, JR., SWEENEY and KANE, JJ., concur.

Judgment modified, on the law and the facts, so as to reduce the arson in the second degree conviction to arson in the third degree and, as so modified, affirmed; matter remitted to the County Court, Montgomery County, for resentencing.