■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALDINE ANN GUERNSEY, Appellant.— Appeal from a judgment of the County Court of Schoharie County, rendered November 1, 1972, upon a verdict convicting defendant of the crime of arson, third degree. Defendant was convicted of arson in the third degree for allegedly starting a fire in her father's barn at about 10:45 P.M. on June 1, 1971. On January 19, 1972, while in police custody she signed a confession admitting her guilt. Defendant did not testify at the trial. The sole issue raised on this appeal is whether the evidence is sufficient to prove guilt beyond a reasonable doubt. It is conceded that the confession alone is not sufficient to support the conviction. There must be additional proof that the offense charged has been committed (CPL 60.50). The additional proof, which need not amount to direct proof of the defendant's criminal act, may be sufficient even though it fails to exclude every reasonable

hypothesis save that of guilt. (*People* v. *Reade,* 13 N Y 2d 42, 45; *People* v. *Constantine,* 35 A D 2d 613.) A resolution of the issue necessitates an examination of the record to determine whether such additional proof was presented establishing that the crime of arson was committed. Mere corroboration of the truth of the confession is not sufficient. (*People* v. *Cuozzo,* 292 N. Y. 85, 94.) The present record reveals that defendant left her home between 10:30 P.M. and 11:00 P.M. driving her father's automobile; that an automobile similar to her father's was parked off the shoulder of the road in front of the father's barn with the motor running and its lights on; that a person similar to defendant in height and hair length was seen standing in the middle door of the barn throwing straw or hay onto a small fire; that in the opinion of the local fire co-ordinator, the fire was not the result of spontaneous combustion. Considering the record in its entirety, we are of the opinion that sufficient additional proof was produced to justify the jury's verdict of guilty and the judgment should be affirmed. Judgment affirmed. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.