■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HUTCHINS, Appellant.—Appeal from a judgment of the County Court of Montgomery County, rendered March 26, 1974, which resentenced defendant, pursuant to order of this court, for the crime of arson in the second degree. An appeal in this case was previously before this court and we modified that judgment upon the law and the facts and reduced the arson in the second degree conviction to arson in the third degree and remitted the matter to the County Court, Montgomery County for resentencing (43 AD2d 412). The pertinent facts are set forth in that opinion. Upon resentence, the defendant was sentenced to a term of imprisonment identical to that pronounced upon the occasion of his first plea in 1971 to the more serious arson count. He now appeals upon the ground that the last sentence imposed was unduly harsh and excessive. It is to be noted that defendant also appeals upon several grounds which are almost identical to those he previously raised and which were rejected by this court. Since these issues were resolved, we need only here consider the issue of whether or not the sentence of March 26, 1974 was unduly harsh and excessive. While it is true, as urged by the People, that the factual allegations remained unchanged when the defendant appeared for resentence, one very significant change had occurred. The defendant now stood before the court to be sentenced for arson in the third degree not, as before, for arson in the second degree. Despite this decided change of circumstance the same sentence, 0 to 10 years, was imposed for the lesser offense. All other things being equal, fairness would dictate the imposition of a lesser sentence. Although the imposition of an identical sentence is not prohibited, the same punishment for different degrees of crime carrying different prescribed maximum sentences is not called for where, as here, no compelling reason therefor is demonstrated. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a maximum of five years, and, as so modified, affirmed. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.