■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PETTIS, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 15, 1977, upon a verdict convicting defendant of the crime of arson in the third degree. The defendant was indicted and tried on two counts of arson in the third degree. Each count concerned separate properties although both properties were located in the City of Albany and owned by defendant's employer. After a trial, defendant was acquitted on the first count of the indictment and found guilty on the second count. He was sentenced to an indeterminate term of imprisonment with a minimum of five years and a maximum term of 15 years. On this appeal, defendant contends that although he had admitted his guilt in a confession, no additional proof was offered to support the conviction and, therefore, the judgment must be reversed (CPL 60.50). The additional proof necessary, however, need not amount to direct proof of the defendant's criminal act (People v Guernsey, 46 AD2d 698). The statute is satisfied by the production

of some proof that a crime was committed by someone and the additional evidence need not even connect or tend to connect the defendant with the crime (*People v Daniels,* 37 NY2d 624, 629). A Battalion Chief of the City of Albany Fire Department testified that the fire in question was not caused by electricity, natural gas nor spontaneous combustion, eliminating accidental causes of fire. He also testified that heavy charring in a closet indicated that the fire was started in the closet itself. In our opinion, the fire chief's testimony constituted competent evidence from which the jury could have concluded that the fire was of an incendiary nature and, therefore, the requirement of corroboration was satisfied (see *People v Sims,* 37 NY2d 906). The defendant also argues that the sentence was unduly harsh and excessive and with this contention we must agree. The record reveals that defendant, aged 29, was married with two children and separated from his wife, that he was of below normal intelligence and that he had not previously been involved with the law. We note that at oral argument the District Attorney, with commendable candor, suggested that the minimum portion of the sentence be deleted. Upon an examination of the record, we are of the view that the interests of justice warrant a modification of the sentence imposed (cf. *People v Hutchins,* 48 AD2d 942). We have carefully considered the remaining contentions urged by defendant and find them unpersuasive. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a maximum of five years, and, as so modified, affirmed. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.