■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. MEDINA, Also Known as TONY MEDINA, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Clyne, J.), rendered February 27, 1981, convicting him of murder in the second degree (two counts) and arson in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence adduced at trial was sufficient to permit a rational trier of fact to find the defendant guilty of the murder of Laura Milbrandt and her son Richard and of a

related arson *(see, People v Contes,* 60 NY2d 620, 621). The defendant's statements to several witnesses that he "meant to get rid of Richie" could have been interpreted by the jury as admissions of guilt. The evidence necessary to corroborate these admissions which are direct evidence of guilt may be either direct or circumstantial and "need not even connect or tend to connect the defendant with the crime * * * [as] [t]he confession itself provides the means for understanding the circumstances of the transaction" *(People v Daniels,* 37 NY2d 624, 629). The defendant's admissions, together with the expert testimony that the child had been killed before the fire, the evidence of the defendant's opportunity and motive to commit the act, and the further expert testimony that the subsequent fire which killed Laura Milbrandt was not accidental, were sufficient to support the guilty verdict *(see, People v Pettis,* 62 AD2d 1110).

Additionally, the photographs of the charred remains of the child were properly admitted as they tended to disprove the defendant's claim that he had mistaken a pillow for the child in a rescue attempt and also corroborated the expert testimony that the child was not in the normal fetal position usually seen after death in a fire *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *People v Sims,* 110 AD2d 214). It is only when a photograph is being admitted for the *sole* purpose of arousing the emotions of the jury and to prejudice the defendant that it must be excluded *(see, People v Pobliner, supra).*

Lastly, the court properly exercised its discretion in imposing consecutive sentences for the two counts of second degree murder. Penal Law § 70.25 (2) forbids a court to impose consecutive sentences for the commission of a single act. Here, the defendant was convicted of the intentional killing of Richard Milbrandt and the subsequent felony murder of Laura Milbrandt which resulted from the fire he set to cover up the initial murder. Therefore, while the deaths may be said to have occurred in the course of a single extended transaction, separate acts caused the deaths of Richard and Laura Milbrandt *(see, People v Brathwaite,* 63 NY2d 839; *People v Tanner,* 30 NY2d 102). Accordingly, it was not improper for the court to impose consecutive sentences upon the defendant.

We have examined the defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.