■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALLS, Appellant. [604 NYS2d 594] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 16, 1991, convicting him

of robbery in the first degree and robbery in the second degree (four counts), upon a jury verdict, and sentencing him to consecutive indeterminate terms of 12½ to 25 years imprisonment for robbery in the first degree and 7½ to 15 years imprisonment for each count of robbery in the second degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

After voluntarily accompanying the police to headquarters for the ostensible reason of discussing with them a robbery complaint which he had recently filed, the police confronted the defendant with the accusation that he had been implicated in "15 to 20" robberies at the Marlboro Housing Project. By their own admission, the police had no grounds for this accusation other than the fact that the defendant knew an individual whom the police were certain had been involved in the robberies. In response to the police accusation, the defendant stated that he had only participated in six of the robberies. At this point the defendant was immediately advised of his *Miranda* rights. The defendant made additional inculpatory statements, and shortly thereafter he was released pending further investigation by the police.

Although the police conduct involved a measure of guile, it was not so fundamentally unfair as to deprive the defendant of due process *(see, People v Brewley,* 192 AD2d 540). To the extent that the defendant asserts that his hearing testimony was more credible than that of the arresting officer, we find no basis for disturbing the court's determination *(see, People v Moore,* 161 AD2d 733). We note that in the videotaped confession made one week after the defendant's initial statement to the police, the defendant exhibited a high degree of familiarity with the details of the robberies. With regard to the defendant's claim that he was in custody when he first admitted to six of the robberies, it is clear that a person innocent of any crime would not have believed that he was under arrest under the circumstances then present merely because the police asserted that he had been implicated in a string of robberies *(see, People v Spellman,* 168 AD2d 318).

In his opening argument defense counsel set forth his trial strategy of convincing the jury that the investigatory tech-

niques employed by the police had been improper. We therefore find that the trial court did not improvidently exercise its broad discretion by permitting the arresting officer to testify concerning his training over a defense objection as to relevancy *(see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998).

Under the circumstances presented in this case, we find that the defendant's sentence was excessive to the extent indicated.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.