Jose MEDINA, Petitioner,

v.

Christopher ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent.

No. 94 Civ. 7893 (VLB).

United States District Court, S.D. New York.

Jan. 12, 1995.

Jose Medina, pro se.

Andrew R. Kass, Dist. Attys. Office, White Plains, NY, for petitioner.

### *MEMORANDUM ORDER*

VINCENT L. BRODERICK, District Judge.

### I

Jose Medina has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his convictions on February 27, 1986 and sentence for murder and arson in the Supreme Court, Westchester County. Petitioner's prosecution arose from a fire in a building in which a mother and her son were found dead; petitioner was heard by witnesses to say that he "meant to get rid of" the child, who may have been killed before being burned according to expert testimony. The state court found in connection with sentence that petitioner had ignited the fire to hide prior murder and accordingly imposed consecutive sentences. Upon direct appeal, petitioner's conviction was unanimously affirmed in *People v. Medina*, 120 A.D.2d 749, 502 N.Y.S.2d 792 (2d

Dept.1986); the State Court of Appeals denied leave to appeal further, 68 N.Y.2d 915, 508 N.Y.S.2d 1036, 501 N.E.2d 609 (1986).

Petitioner alleges ineffective assistance of counsel based on failure to raise an issue of petitioner's mental capacity, consecutive sentencing constituting double jeopardy, use of legally insufficient evidence, denial of due process in failure to hold a hearing concerning recantation of a witness, failure to charge the standard of proof, and use of inflammatory evidence. Petitioner also moves for appointment of counsel. The motion and the petition are denied.[1]

## II

Although petitioner claims that his mental abilities should have been investigated, he has filed a 24 page detailed memorandum of law signed by himself and with no indication that others were involved. His highly grammatical and correctly filled out petition recites appeals to the Second Department, a request for review by the New York State Court of Appeals and a post-conviction application to the trial court based on a witness' recantation, all requiring some level of sophistication, and none of them raising the question of alleged ineffective assistance or any mental deficiency at the time of trial or at any other time. These points were only presented by means of a second collateral attack on the conviction.

■ To establish ineffective assistance, petitioner must show that counsel's efforts fell below an objective standard of reasonableness, and that absent the errors the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); see *Abdurrahman v. Henderson,* 897 F.2d 71 (2d Cir.1990). Petitioner's psychiatric records, presented eleven (11) years after his conviction, show no findings that more than medication were required. Failure to present the

issue earlier both supports an adverse inference with respect to the merit of the claim, and makes it virtually impossible for the state to investigate petitioner's condition at the time. This delay would be sufficient to support dismissal of the petition under Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts[2] even apart from other considerations.

■ Petitioner's counsel defended the case vigorously, conducting extensive cross-examination and offering testimony by a forensic pathologist to challenge the state's version of the alleged victims' deaths. Defense counsel, indeed, succeeded in obtaining dismissal of one count of murder. There is no reason to assume that the obviously diligent and sophisticated defense counsel overlooked anything as obvious as inability of the client to assist in his defense.

## III

■ Petitioner challenges his consecutive sentences of twenty-five (25) years to life for murder and eight and one-half (8½) to twenty-five (25) years for arson.

There is no authority for petitioner's claim that consecutive sentences where authorized by statute, may not be based on differing crimes constituting separate antisocial acts with their own risks to the innocent and requiring separate additional elements of proof, even if arising out of the same misconduct (such as murder and arson) without violating the prohibition of double jeopardy. See *Daniels v. Bronson,* 932 F.2d 102 (2d Cir.1991); see also *Jones v. Thomas,* 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989).

■ The sentencing court concluded that petitioner committed murder followed by arson intended to cover up the murder, based upon expert testimony. This finding, since

1. Because the petition lacks merit and it is in the interests of federalism to reach the merits, it is unnecessary to consider the procedural objections raised by respondent. *Washington v. James,* 996 F.2d 1442, 1451 (2d Cir.1993).

2. "A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."

fairly supported by the record, is sufficient to support the consecutiveness of petitioner's sentence. See *Sumner v. Mata,* 449 U.S. 539, 544–47, 101 S.Ct. 764, 767–69, 66 L.Ed.2d 722 (1980).

Petitioner's detailed memorandum of law makes no complaint about the fairness of the actual sentence resulting from its consecutive nature, but rather only that concurrent sentences should have been required.

Because no showing that the sentence was grossly inappropriate to the crime so as to present a federal constitutional question, it is not necessary to consider the question of whether *habeas* is available where one's incarceration would be currently authorized even if the relief requested (vacating the consecutive aspect of petitioner's sentence) were granted.[3]

## IV

■ Petitioner challenges the trial court's instructions based upon a misquotation of the record substituting entirely different language for that given. The charge actually given included a statement that "society indeed would be in a dangerous situation if the People were required to establish the guilt of a defendant *beyond all possible doubt.*" Tr. 771 (emphasis added). Petitioner's version substitutes "a reasonable doubt" for "all possible doubt," thus converting a correct instruction into an obviously improper one. The trial court gave the standard instruction that the People "are required to prove guilt beyond a reasonable doubt" and repeated that standard on several occasions. There is no indication that any confusing language caused the charge as a whole to be misleading, as required to present a federal constitutional violation. *Perez v. Irwin,* 963 F.2d 499 (2d Cir.1992).

## V

A black-and-white photograph of a burned murder victim was shown to the jury, obviously probative and important evidence as to who was killed and burned, and also the underpinning for expert testimony concerning whether the child was dead when burned.

■ Introduction of exhibits which are inflammatory for reasons unrelated to the charges and serve no genuine purpose in connection with the trial is improper. See Fed.R.Evid. 403; *United States v. Borello,* 766 F.2d 46 (2d Cir.1985). Even such introduction, however, would not justify a finding of a constitutional violation absent a substantial and injurious effect or influence in determining the probable verdict. See *Brecht v. Abrahamson,* —— U.S. ——, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

■ Here there was no controversy over the horrific nature of the murder and arson involved, but solely as to whether the crimes were committed by petitioner. The exhibit was relevant to the latter issue by connecting evidence of petitioner's self-avowed desire to kill the child with both the murder and the fire. There is no basis for finding use of the photograph to have violated the federal Constitution.

## VI

■ Petitioner's claim that legally insufficient evidence was offered was carefully considered by the Appellate Division in its affirmance of petitioner's conviction in *People v. Medina,* 120 A.D.2d 749, 502 N.Y.S.2d 792 (2d Dept.1986). The evidence, summarized above, is adequate to meet federal constitutional requirements that there be some rational basis for the conviction. Evidence existed establishing the deaths and fire; petitioner made numerous statements confirming his involvement in the fire and his intent to kill.

## VII

■ Ten (10) years after his conviction, petitioner moved to vacate the conviction on grounds of newly discovered evidence consisting of an affidavit of Julia Padilla who

---

**3.** The purpose of federal *habeas corpus* in regard to state prisoners is to test whether a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see *Braden v. 30th Judicial Court of* *Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Petitioner would still be in custody under his twenty-five year to life sentence for murder, even if the consecutive arson sentence were to be vacated.

claimed to have lied to incriminate petitioner because of jealousy. Ms. Padilla's testimony buttressed the testimony of two other witnesses who, as conceded in petitioner's memorandum of law "claimed that the petitioner had admitted to them that he committed the crime." The transcript establishes that other witnesses, apart from Ms. Padilla, testified that plaintiff said "I did it" and that he "didn't mean to hurt [the mother]," but merely wanted the child "out of the way." Tr. 422.

Discrediting one witness who gave corroborative testimony would be unlikely to alter the result. This is particularly true since Ms. Padilla's trial testimony was partially favorable to petitioner, including a statement that petitioner told her "that he had started [the fire] but he didn't mean to do it."[4] Even this testimony was given reluctantly at trial and only after the trial judge directed Ms. Padilla to answer.

■■■■ Recantations of testimony in criminal cases are regarded with the utmost suspicion. *Bagby v. Kuhlman,* 932 F.2d 131 (2d Cir.1991); *Sanders v. Sullivan,* 863 F.2d 218 (2d Cir.1988). Such suspicion is enhanced when the alleged falsity of the trial testimony is asserted ten years after trial. There is no authority for finding a violation of federal constitutional law under such circumstances.

### VIII

Authority for appointment of counsel in an appropriate case is provided by 28 U.S.C. § 1915(d). Having assessed the material now available with respect to the merits of petitioner's case, efforts to obtain counsel, along with the availability of counsel in accordance with the standards set forth in *Cooper v. A. Sargenti Co.,* 877 F.2d 170 (2d Cir.1989) and *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986), the Court denies the application.

### IX

Because the petition lacks merit, no certificate of probable cause shall be granted under Rule 22(b) of the Federal Rules of Appellate Procedure. For the same reasons, any appeal would not be taken in good faith and consequently *in forma pauperis* treatment is not granted under 28 U.S.C. § 1915.

**SO ORDERED.**

---

**4.** Trial tr. at 544, quoted in Supreme Court, Westchester County decision (Carey, J.) denying petitioner's post-trial motion based upon the recantation, filed July 23, 1991.