OPINION OF THE COURT
Donald P. DeRiggi, J.
This is a homicide case involving the murder of Fredrick *870 Pardi and an attempted homicide involving his son Peter Pardi.
The Grand Jury heard the case on November 9, 1992 and in January of 1995, on the eve of trial, the minutes containing the testimony of Peter Pardi were turned over to defense counsel as part of the Rosario material. Thereafter, an amended version of pages 47 and 48 of Peter Pardi’s testimony was given to defense counsel and therefrom the dispute arises. The original minutes of the contested statement reads as follows: "she starts running down the stairs and I turned him over onto his back and I went down to my father — I thought maybe he needed mouth to mouth — thats [sic] when all hell broke loose.”
The amended version reads as follows: "she starts running down the stairs and she was in back of me and I went down to my father. I thought maybe he needed mouth to mouth and thats [sic] when all hell broke loose.”
At defense counsel’s request a hearing was held on the question of the amendment and the court reporter testified. She stated that her original notes read as follows: "she starts running down the stairs and— * turned— * —back—she was in back of me and I went down to my father — I thought maybe he needed mouth to mouth.”*
Defense seeks to use the original version as an anticipated inconsistent statement of Peter Pardi who, according to the prosecution’s opening statement, will testify that he did not touch his father’s body before the police arrived.
While it has been held that the People, in turning over the Grand Jury minutes to defense counsel, impliedly attest to their accuracy (People v Sepulveda, 44 AD2d 846; People v Gregg, 90 AD2d 812), the fact is a hearing was held on the issue and it is found that the stenographer’s notes are inconclusive. She testified that on the evening of the Grand Jury presentation, she revised her notes and wrote in pencil on them "turned him over onto his back”, stating that this is what she recalled from Mr. Pardi’s rambling and often incomprehensible testimony of that day. As the trial approached, however, she received a telephone call from a secretary in the District Attorney’s office and was told that Mr. Pardi had just read the minutes and contended that he did not utter the statement as reported.
*871 The stenographer reread her notes and changed her account to the above-stated amended version, testifying at the hearing that the first version was wrong and upon reconsideration of the notes she now believes that the second version is correct. Peter Pardi was not called at the hearing.
As with depositions and records on appeal, the stenographer’s position should be given considerable weight in the court’s decision. Here, however, there is a basis to believe that the first version is correct, not only because it was transcribed more than two years ago and reviewed the night of the testimony in question, but also because it is logical that the victim’s son would turn his father over if he contemplated, as the minutes uncontestably state "[I] thought he needed mouth to mouth”.
The amended version, although it continues to contain the mouth-to-mouth contemplation, reflects the prosecution’s theory that the body was not moved by anyone until the police came.
The stenographer now believes version two is correct but to arrive at this conclusion, she is required to add words that do not exist in her notes but that she recalls from November 9, 1992. Both versions of course require a supplement to her notes from her memory, albeit version one taxed her memory for only one night while version two occurred two years later.
Defense counsel urges the court to allow the jury to hear both versions on the cross-examination of Mr. Pardi. The prosecution contends that the Rosario material is their responsibility and since the stenographer now states that version number two is correct, that ends the dispute.
The question is — what did Mr. Pardi say in front of the Grand Jury? Unfortunately no one can answer that question. The actual notes are incomplete and require the stenographer’s memory to fill the gaps in both versions. Both versions are subject to the court reporter’s memory and not just her notes.
Therefore, it is the court’s ruling that only the unedited notes of the stenographer shall constitute the statement made by Peter Pardi in the Grand Jury, to wit: "she starts running down the stairs and— * turned— * —back—she was in back of me and I went down to my father — I thought maybe he needed mouth to mouth.” This redacted version will be available for his cross-examination during which defense counsel will not be restricted from inquiring as to the complete *872 statement made by Peter Pardi in the Grand Jury and the defendant may call the court stenographer for the purpose of attempting to establish an inconsistent statement on the part of Mr. Pardi. (Richardson, Evidence §§ 501, 502 [Prince 10th ed].)

 The reporter said the asterisk means that the word in front of it is to be deleted, and a dash ( — ) signifies a pause.