■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE BUSH, Appellant. [632 NYS2d 621] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered July 9, 1985, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

After voluntarily accompanying the police to headquarters concerning an incident that occurred in the 77th Precinct, the police told the defendant that two eyewitnesses had identified him as being at the scene of the shooting. By their own admission, the police had no grounds for this accusation. In response, the defendant replied, "I didn't shoot him, Shorty shot him". At this point the defendant was immediately advised of his *Miranda* rights. Thereafter, the defendant made inculpatory oral, audiotaped, and videotaped statements.

The defendant claims that he was subjected to custodial interrogation. However, it is clear that a person innocent of any crime would not have believed that he was under arrest under the circumstances then present merely because the police asserted that he was at the scene of the shooting (*see, People v Walls*, 199 AD2d 292; *People v Spellman*, 168 AD2d 318). Thus, the hearing court properly denied suppression of the statements made by the defendant to law enforcement officials.

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review. Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.