■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LUIS MATUL, Appellant. [664 NYS2d 280] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered on or about September 20, 1993, convicting defendant, upon his plea of guilty, of arson in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Under the facts of this case, the court properly advised defendant, prior to his plea, that he was subject to consecutive

sentences for murder in the second degree and arson in the first degree (*see*, Penal Law § 125.25 [1], [2]; § 150.20 [1]). Here, the evidence demonstrated that after defendant beat the victim with a pipe, which, ultimately caused the victim's death due to blunt force injuries to the head, defendant then ignited a flammable liquid which caused separate serious injuries to the victim (*see*, *People v Laureano*, 87 NY2d 640; *People v Day*, 73 NY2d 208, 211-212; *People v Hernandez*, 186 AD2d 471, 474-475, *affd* 82 NY2d 309; *People v Medina*, 120 AD2d 749, *lv denied* 68 NY2d 915). Since such evidence would warrant the imposition of consecutive sentences, the court properly so informed defendant, and accordingly, defendant's plea to arson in the first degree was knowingly, voluntarily and intelligently made. We do not read the People's bill of particulars as limiting the People to a theory under which concurrent sentences would have been required. In any event, the bill of particulars was amendable (CPL 200.95 [8]). Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Colabella, JJ.