■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA ALFINI, Appellant. [678 NYS2d 278] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered March 3, 1995, convicting her of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Seybert, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by her to law enforcement officials.

Ordered that the judgment is affirmed.

In reviewing a suppression issue, great weight must be accorded to the determination of the hearing court, with its particular advantages of having seen and heard the witnesses. Its determination should not be disturbed unless it is clearly unsupported by the record (*see, People v Prochilo,* 41 NY2d 759, 761). The hearing court properly denied that branch of the defendant's motion which was to suppress certain statements. The defendant was not in custody at the time that she admitted to the shooting (*see, People v Centano,* 76 NY2d 837, 838; *People v Macklin,* 202 AD2d 445, 446; *People v Walls,* 199 AD2d 292, 293; *People v Nolcox,* 190 AD2d 824), and in any event, under the totality of the circumstances, her statements were voluntarily made (*see, People v Anderson,* 42 NY2d 35, 38; *People v Fischl,* 182 AD2d 699; *People v Pacheco,* 168 AD2d 465; *People v Jenkins,* 167 AD2d 421).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.