**Linda ALFINI, Petitioner,**

v.

**Elaine LORD, Superintendent, Bedford Hills Correctional Facility, Respondent.**

No. 99–CV–8015 (ADS).

United States District Court,
E.D. New York.

Feb. 25, 2003.

Linda Alfini, Bedford Hills, NY, petitioner, pro se.

Denis Dillon, District Attorney of Nassau County, by Assistant District Attorneys, Tammy Smiley, Bruce Whitney and Edward Miller, Mineola, NY, for respondent.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Linda Alfini ("Alfini") petitions for a writ of habeas corpus from her 1995 conviction in state court, pursuant to 28 U.S.C. § 2254. For the reasons stated below, Alfini's petition is denied.

On October 14, 1992, Alfini shot her boyfriend Peter, and his father Fred Pardi. Approximately eight months earlier, in March 1992, Alfini began living with Peter in his father's home in Westbury, New York. Fred Pardi, a seventy-six year old man, became fond of Alfini and treated her like his daughter. Alfini took advantage of this relationship and began to steal money from Fred's bank account. She convinced Fred to open an account at a certain bank, then had his bank statements and ATM (automatic teller machine) card sent to a post office box, to which only Alfini had

access. Over the course of the next six months, Alfini made withdrawals totaling twelve thousand dollars ($12,000.00).

In August 1992, Peter finally learned that money was missing from his father's bank account, and he questioned Alfini. Alfini went to great lengths to prevent Peter from discovering that she had stolen the money. She told him that it must be a bank error, and that she would have a lawyer investigate the matter. Alfini pretended to set up appointments to meet with an attorney, but always canceled them. When Peter became annoyed at the lack of resolution, Alfini asked an acquaintance to call Peter and pretend to be associated with a law firm that was investigating the matter. A false meeting was scheduled for October 14, 1992. Peter told Alfini that if he did not obtain satisfactory results from that meeting, he would go straight to the District Attorney's office.

On the morning of October 14, 1992, Peter went out to the post office, leaving Alfini alone with his father. Alfini took a .25 caliber gun that was in Peter's drawer, a towel, and a pillow, and proceeded to the basement. There, she used the towel and pillow to muffle the sound as she shot Fred Pardi in the back of the head, killing him. Alfini then went upstairs into the kitchen.

Shortly thereafter, Peter returned from the post office. He asked Alfini where his father was and she said he was in the basement. Peter went downstairs and saw his father. He yelled out to Linda to call an ambulance. Linda came down the basement and shot Peter from behind, once in the back and once in the leg. Peter did not see who shot him. He ran out of the house and told Linda to do the same. Then Peter ran into his neighbor's house and called the police. Meanwhile, Linda ran upstairs, put the pillow and towel in her bedroom, hid the gun in a closet near her bedroom and then went outside.

When the police arrived, they found no one else in the house. Nor did they find any signs of forced entry or intruders. They did find a .25 caliber gun with Alfini's fingerprints on it. Police detectives also discovered a green towel and pillow with gun holes in Alfini's bedroom. While at the Pardi home, several different police officers asked Alfini what happened and she gave a different account each time. Eventually, Detective Robert Hillman asked Alfini to accompany him to the police station.

Although Alfini was not under arrest when she arrived at police headquarters, Detective Gary Abbondanelo read *Miranda* rights to her. Initially Alfini denied any involvement in the shootings. However, eventually she confessed to killing Fred and shooting Peter. Alfini apologized to Peter and worried about what she would tell her parents.

On January 31, 1995, after a jury trial, Alfini was convicted of Murder in the Second Degree (N.Y. Penal Law § 125.25(1)) and Attempted Murder in the Second Degree (N.Y. Penal Law §§ 110.00, 125.25(1)) in County Court, Nassau County (DeRiggi, J.). On March 3, 1995, the court sentenced Alfini to consecutive prison terms of twenty-five years to life for the murder conviction, and five to fifteen years for the attempted murder conviction.

Alfini directly appealed her conviction to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), alleging that: (1) her statement was involuntary and the product of police coercion; (2) the prosecutor did not provide adequate grounds for two for-cause juror challenges, and the trial court erred in excusing those jurors; (3) the trial court erred in allowing inflammatory

photographs and a cumulative videotape of the crime scene into evidence; (4) prosecutorial misconduct during summation denied her of a fair trial; (5) the trial court erred in failing to charge the jury with the lesser included offense of manslaughter or extreme emotional disturbance; (6) the trial court erred in imposing consecutive sentences.

On October 5, 1998, the Appellate Division affirmed Alfini's conviction, finding that: (1) she was not in custody at the time that she admitted to the shooting, and in any event her statements were voluntarily made; and (2) her remaining contentions were either unpreserved for appellate review or without merit. *People v. Alfini*, 254 A.D.2d 297, 678 N.Y.S.2d 278 (2d Dept.1998). On December 2, 1998, the New York State Court of Appeals denied Alfini leave to appeal. *People v. Alfini*, 92 N.Y.2d 1027, 684 N.Y.S.2d 492, 707 N.E.2d 447 (1998).

On November 23, 1999, Alfini filed the instant petition for a writ of habeas corpus, alleging that: (1) the police used coercive and improper tactics to involuntarily obtain her statement in violation of her Due Process rights; (2) the trial court improperly granted two of the prosecution's for-cause challenges in violation of her Due Process rights; (3) the trial court erred in allowing inflammatory photographs and a cumulative videotape into evidence in violation of her Due Process rights; (4) prosecutorial misconduct during summation deprived her of a fair trial; (5) the trial court failed to charge the jury with the lesser included offense of manslaughter or extreme emotional disturbance in violation of her due process rights; and (6) the trial court abused its discretion in imposing consecutive sentences.

On April 12, 2000, Alfini submitted an affidavit in response to the Nassau County District Attorney's Affidavit and Memorandum of Law. Alfini appears to raise an additional claim: that the indictment should have been dismissed due to error in the grand jury minutes. The Court will permit Alfini to amend her petition to add this claim, and address it below.

## DISCUSSION

██ Alfini filed this action after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, AEDPA's provisions apply to her case. *Williams v. Taylor*, 529 U.S. 420, 429, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

Under the provisions of Section 2254(d), a habeas corpus application must be denied unless the state court's adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). A decision is "contrary to" established Federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." *Penry v. Johnson*, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.*

**A. As to the Alleged Involuntary Statement**

Alfini argues her statement was involuntary and induced by coercive and improper police tactics which violated her Due Process rights. Specifically, she claims she was held for an "inordinate" amount of time and given no food, and that the police induced her confession by confronting her with Peter Pardi.

The "ultimate issue of voluntariness [of a confession] is a legal question requiring independent federal determination." *Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir.1997) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 287, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)); *see also Nova v. Bartlett*, 211 F.3d 705, 707 (2d Cir.2000); *Mincey v. Arizona*, 437 U.S. 385, 396, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (holding that the Court is not bound by a state court's determination that a statement was voluntary; "[i]nstead, the Court is under a duty to make an independent evaluation of the record").

However, factual questions underlying a legal determination are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Nelson*, 121 F.3d at 834. When evaluating voluntariness, the Court should review the totality of the circumstances surrounding the statements. *United States v. Gaines* 295 F.3d 293, 297–298 (2d Cir.2002). "In considering [a] claim of coercion, the court must consider 'whether an examination of all the circumstances discloses that the conduct of law enforcement officials was such as to overbear [the petitioner's] will to resist and bring about confessions not freely self-determined.'" *Cappiello v. Hoke*, 698 F.Supp. 1042, 1056 (E.D.N.Y.1988) (quoting *United States v. Mast*, 735 F.2d 745, 749 (2d Cir.1984)). To determine whether the confession was coerced, the Court must conduct "a careful evaluation of the totality of all the surrounding circumstances, including the accused's characteristic, the conditions of interrogation, and the conduct of law enforcement officials." *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir.1991) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)).

The hearing court found that Alfini waived her *Miranda* rights and gave a voluntary confession without police coercion:

> Defendant was asked to go to headquarters to assist the investigation in the capacity of a witness. Defendant was considered a possible suspect after Det. Alger received information concerning Peter Pardi and a gun at the house. Defendant was then given her constitutional rights, based upon the detectives' reasonable suspicion that a crime had been committed by defendant, but she was free to leave. Defendant was neither handcuffed nor was there evidence that she was coerced in any way. In determining the issue of voluntariness of defendant's statements, the Court must consider the totality of the circumstances regarding the administration and waiver of the *Miranda* warnings, as presented at the *Huntley/Mapp* hearing. The evidence adduced at this hearing clearly established that Linda Alfini voluntarily went to the police station and was read the *Miranda* warnings. Likewise, the evidence established that the defendant affirmatively waived her rights and voluntarily signed the "rights" card.

(Order of County Court, Nassau County (Seybert, J.), 9/23/93, at 6–7) (citations omitted).

After a thorough review of the record, the Court concludes that Alfini was given the *Miranda* warnings and her statement

was voluntarily and freely made. Alfini has presented no evidence that the police coerced her statement, and the record refutes her contention. Alfini has not met the burden of overcoming the presumption that attaches to factual findings by the trial court on this issue. *See Key v. Artuz*, No. 99–CV–161JG, 2002 WL 31102627 at *5–7 (E.D.N.Y. Sept.16, 2002). Accordingly, Alfini's claim involving her statement to the police is denied.

## B. As to the Alleged State Procedural Law Error

Alfini argues that the trial court improperly granted two for-cause challenges made by the prosecution, in violation of N.Y.Crim. Proc. Law § 270.20(1)(b). Specifically, she asserts that the court erred by excusing prospective jurors David Murray and Thomas Murray when they both stated they could be fair and impartial. Alfini claims that this supposed error violated her Due Process rights.

■ "A federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the Constitution, laws or treaties of the United States." *Beverly v. Walker*, 899 F.Supp. 900, 908 (N.D.N.Y.1995) (citing 28 U.S.C. § 2254(a)). Thus, federal habeas corpus relief is not available for state law errors that do not rise to the level of federal constitutional violations. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Smith v. Phillips*, 455 U.S. 209, 211, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (holding that non-constitutional claims are not cognizable in federal habeas proceedings).

■ Alfini's claim is based entirely on an alleged state law violation. Other than asserting that the trial court's rulings violated her Due Process rights, Alfini has not alleged, much less proven, that the supposed state law error violated her federal constitutional rights. In any event, Alfini's claim is without merit. New York Criminal Procedure Law Section 270.20 states that a challenge for cause may be made if a prospective juror "has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial." The trial court had valid reasons to excuse both prospective jurors for cause—namely, both Thomas Murray and David Murray had prior bad experiences with the police which they stated may affect their decision-making, among other factors. Thus, no procedural error occurred. *See United States v. Lawes*, 292 F.3d 123, 128–29 (2d Cir.2002). Accordingly, this claim is dismissed.

## C. As to the Alleged Evidentiary Error

Alfini claims that the trial court erred in allowing inflammatory photographs and a videotape of the crime scene into evidence.

■ As stated above, habeas corpus relief is available only where there has been a violation of a constitutional right. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Generally, state court rulings on evidentiary matters are state law issues and do not rise to the level of a constitutional violation. *Warren v. Miller*, 78 F.Supp.2d 120, 134–35 (E.D.N.Y. 2000). When presenting an evidentiary ruling for federal review, a petitioner bears a heavy burden of establishing that her constitutional rights were deprived. *Id.*

■ Even an incorrect state court evidentiary ruling does not rise to the level of constitutional error necessary to warrant habeas relief, unless the error deprived Petitioner of a fundamentally fair trial. *McLean v. McGinnis*, 29 F.Supp.2d 83, 93

(E.D.N.Y.1998); *see also Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir.2001). "Even a constitutional error does not require granting of a habeas petition unless the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *McClean*, 29 F.Supp.2d at 93 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).

■ Here, the photographs and videotape evidence were relevant to important issues in the case, such as the nature of Fred Pardi's wounds, the location and position of his body, and the cause of his death. As such, the trial court properly admitted them into evidence. *See Medina v. Artuz*, 872 F.Supp. 1258, 1261 (S.D.N.Y. 1995); *see also Simpson v. Portuondo*, No. 01 Civ. 8744, 2002 WL 31045862, at *6 (S.D.N.Y. June 4, 2002) (citing *People v. Pobliner*, 32 N.Y.2d 356, 369, 345 N.Y.S.2d 482, 298 N.E.2d 637 (1973)). Alfini has not demonstrated that the trial court's rulings rose to the level of constitutional error necessary for habeas corpus relief, or that its ruling denied her of a fundamentally fair trial. Accordingly, the claim involving erroneous evidentiary rulings is denied.

### D. As to the Alleged Prosecutorial Misconduct

Alfini asserts that the prosecutor committed misconduct during summation because he emphasized that Alfini blamed the crime on someone else. Specifically, the prosecutor argued that Alfini inculpated a black man, and this may have inflamed the black jurors who sat on the panel.

■ The standard for reviewing a claim of prosecutorial misconduct is "'the narrow one of due process, and not the broad exercise of supervisory power.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986)

(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974)). Habeas corpus relief is available only where the prosecutor's remarks so infected the trial with unfairness that the resulting conviction is a denial of due process. *Donnelly*, 416 U.S. at 643, 94 S.Ct. 1868. A federal court must distinguish between "'ordinary trial error of a prosecutor and that sort of egregious misconduct … amounting to a denial of constitutional due process.'" *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir.1990) (quoting *Donnelly*, 416 U.S. at 647–48, 94 S.Ct. 1868). In order to show a constitutional violation, the petitioner must demonstrate that he suffered actual prejudice from the prosecutor's remarks. *Tankleff v. Senkowski*, 135 F.3d 235, 252 (2d Cir. 1998).

■ The prosecution is entitled to rebut arguments raised during defendant's summation, and may use language necessary to rebut defense counsel's view of the facts. *United States v. Salameh*, 152 F.3d 88, 139 (2d Cir.1998). "Where a prosecutor's statement is responsive to comments made by defense counsel, the prejudicial effect of such objectionable statements is diminished." *Pilgrim v. Keane*, 2000 WL 1772653 at *3 (E.D.N.Y. Nov.15, 2000).

■ Here, the prosecutor's summation did not violate Alfini's due process rights. Detective Abbondandelo testified that when he questioned Alfini at the scene, she told him that she saw a "black male walking westbound on Fifth Avenue." (T.R. of 1/25/95, at 1180). The prosecutor is entitled to fairly comment on that evidence during summation. *See United States v. Tocco*, 135 F.3d 116, 130 (2d Cir.1998). Further, the prosecution's comments during closing argument were made in response to defense counsel's closing remarks. Defense counsel stated that

someone other than Alfini had committed the shooting (T.R. of 1/31/95, at 1457), and the prosecution was entitled to rebut those arguments. *Tocco,* 135 F.3d at 130.

In any event, Alfini has not demonstrated that his trial was infected with unfairness, or that the outcome of her trial would have been different but for the alleged error. *Id.* In light of the ample circumstantial evidence against Alfini, including her sole presence in the house immediately before Fred Pardi's death; the physical evidence including the towel and pillow with gun holes found in her bedroom; her fingerprints on the gun; her motive to kill both Fred and Peter because of the bank funds issue; her physical presence behind Peter when he was shot; and her confession to the police, it is unlikely that the prosecutor's comments affected the verdict. Accordingly, the claim involving prosecutorial misconduct is denied.

### E. As to the Alleged Jury Instruction Omissions

Alfini contends that the trial court erred by not charging the jury with both manslaughter as a lesser included offense of second degree murder and with the extreme emotional disturbance defense.

" 'In order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law.' " *Sams v. Walker,* 18 F.3d 167, 171 (2d Cir.1994) (quoting *Casillas v. Scully,* 769 F.2d 60, 63 (2d Cir.1985)); *see also Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973); *Del-Valle v. Armstrong,* 306 F.3d 1197, 1201 (2d Cir.2002).

Further, "[w]here the claimed error is not an erroneous jury instruction but the failure to give a requested instruction, the petitioner bears a heavy burden in showing that the trial court's failure to give the instruction to the jury was an error of constitutional magnitude." *Williams v. Bennett,* 2001 WL 849746 at *10 (S.D.N.Y. July 27, 2001) (citing *Henderson,* 431 U.S. at 155, 97 S.Ct. 1730) ("An omission, or an incomplete instruction, is less likely to be prejudicial than is an actual misstatement of the law.").

Alfini has not met this heavy burden. First, Alfini has not demonstrated that she was entitled to either instruction. New York law states that the trial court may charge the jury with a lesser included offense:

> if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense *but did not commit the greater.* If there is not reasonable view of the evidence which would support such a finding, the court *may not* submit such lesser offense.

N.Y.Crim. Proc. Law § 300.50(1) (emphasis added); *see also People v. Glover,* 57 N.Y.2d 61, 63, 453 N.Y.S.2d 660, 661, 439 N.E.2d 376, 377 (N.Y.1982) (per curiam). A reasonable view of the evidence—that Alfini fired a bullet into the back of Fred Pardi's skull—supports the finding that Alfini intended to kill him, which is the "greater" offense. Thus, the trial court properly determined that Alfini was not entitled to the instruction under New York law.

Regarding the instruction for extreme emotional disturbance defense, the trial court found no evidence to warrant the charge:

> A defendant seeking to utilize this defense must present some proof that a

temporarily remote provocative act affected defendant at the time of the crime to such a degree that the jury could reasonably conclude that he or she acted under the influence of extreme emotional disturbance. The record is devoid of such evidence.

Concerning whether there was a reasonable excuse for such an emotional disturbance, the several-days-old confrontation between defendant and the victims concerning the allegedly misappropriated funds does not constitute a reasonable excuse.

(Order dated January 31, 1995, of County Court, Nassau County (DeRiggi, J.), at 2–3) (citations omitted). Alfini has not demonstrated that the trial court's decision violated federal constitutional law. Accordingly, the claim involving the jury instruction is denied.

### F. As to the Alleged Sentencing Error

Alfini also argues that the trial court abused its discretion by imposing consecutive sentences for her convictions.

■■■ It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992). " 'No federal constitutional issue is presented where … the sentence is within the range prescribed by state law.' " *Ross v. Gavin*, 101 F.3d 687 (2d Cir.1996) (quoting *White*, 969 F.2d at 1383); *see Gonzalez v. Travis*, 172 F.Supp.2d 448, 457 (S.D.N.Y.2001) (finding excessive sentence claim not cognizable for habeas review where sentence was within statutory range); *Herrera v. Artuz*, 171 F.Supp.2d 146, 151 (S.D.N.Y.2001) (holding the trial court's imposition of consecutive sentences was appropriate and did not provide ground for habeas relief); *McCalvin*

*v. Senkowski*, 160 F.Supp.2d 586, 589 ("Sentencing decisions are not cognizable on habeas review unless the sentence imposed falls outside the range prescribed by state law."); *Thomas v. Senkowski*, 968 F.Supp. 953, 956–57 (E.D.N.Y.1997) (dismissing excessive sentence claim where the petitioner's sentence fell within the range prescribed by state law).

Upon her conviction for Murder in the Second Degree and Attempted Murder in the Second Degree, the court sentenced Alfini to consecutive prison terms of twenty-five years to life for the murder conviction, and five to fifteen years for the attempted murder conviction. Alfini's sentence fell within the guidelines prescribed by state law. N.Y. Penal Law §§ 70.00(2)(b), 70.25, 70.30; *see also People v. Reyes*, 239 A.D.2d 524, 525, 658 N.Y.S.2d 353 (2d Dept.1997) (holding that the court properly imposed consecutive sentences for assault in the first degree and murder in the second degree, "as each firing of the gun constituted a separate act"); *People v. Brathwaite*, 63 N.Y.2d 839, 482 N.Y.S.2d 253, 472 N.E.2d 29 (1984). Thus, her claim is not cognizable for federal habeas corpus review. Accordingly, the sentencing claim is dismissed.

### G. As to the Grand Jury Claim

■■■ Alfini alleges various defects in the grand jury proceeding, including that she was denied the right to appear and the right to testify; that Peter Pardi gave false testimony at the hearing; and that the minutes were not accurately transcribed.

The state court held a hearing regarding the transcription of Peter Pardi's testimony and found that the stenographer's original notes would be admissible at trial for use as an inconsistent statement. *People v. Alfini*, 163 Misc.2d 869, 870, 622

N.Y.S.2d 660, 661 (N.Y.Co.Ct.1995). However, Alfini did not raise this claim in her direct appeal or any other subsequent state appeal. Thus, the claim is unexhausted. *See* 28 U.S.C. § 2254(b)(1); *see also Aparicio v. Artuz,* 269 F.3d 78, 89–90 (2d Cir.2001).

■ Where " 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted." *See Aparicio,* 269 F.3d at 90 (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). The Court will not review the merits of a procedurally defaulted claim unless the petitioner can show (1) cause for the default and actual prejudice resulting therefrom; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. *See Bossett v. Walker,* 41 F.3d 825, 828 (2d Cir.1994).

Under New York law, Alfini is not entitled to seek review from the state courts of this claim. *See* 22 N.Y.C.R.R. § 500.10(a) (failing to raise issues before Court of Appeals precludes further review because the Petitioner has already made the one application for leave to appeal to which he is entitled); N.Y.Crim. Proc. Law § 440.10 (barring collateral review if claim could have been raised on direct appeal or in prior 440 motion); *see also Bossett,* 41 F.3d at 829.

■ Alfini has not alleged facts sufficient to show cause, prejudice or a miscarriage of justice for failing to present the claim to the state courts. In any event, a petit jury's guilty verdict transforms any defect in the grand jury proceedings into harmless error by confirming that the state had probable cause to indict a defendant and that she was actually guilty beyond a reasonable doubt. *See United States v. Mechanik,* 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1986). Thus, constitutional challenges to state grand jury proceedings are generally not cognizable for federal *habeas* review. *Lopez v. Riley,* 865 F.2d 30, 32 (2d Cir.1989); *see also Velez v. People,* 941 F.Supp. 300, 315–16 (E.D.N.Y.1996). Accordingly, this claim involving the grand jury minutes is also dismissed.

### *CONCLUSION*

For the foregoing reasons, Alfini's petition for a writ of habeas corpus is DENIED.

Pursuant to Fed. R.App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Alfini has not made a substantial showing of a denial of a constitutional right. *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090; *Lucidore v. New York State Div. Of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**