■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE BYRDSONG, Appellant. [651 NYS2d 903] —Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Goldstein, J.), dated May 25, 1994, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Groh, J.), rendered May 16, 1985, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, attempted rape in the first degree, attempted sodomy in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The defendant was convicted of robbery in the first degree, criminal use of a firearm in the first degree, attempted rape in the first degree, attempted sodomy in the first degree, and assault in the first degree, in 1985. His present motion is predicated upon his claim that the *Sandoval* hearing conducted

prior to his trial was held in his absence and that in light of the Court of Appeals' subsequent holdings in *People v Favor* (82 NY2d 254) and *People v Dokes* (79 NY2d 656) he is entitled to a new trial. The Supreme Court denied his motion (*see, People v Byrdsong,* 161 Misc 2d 232). We affirm.

Pursuant to CPL 440.10 (2) (c) a court must deny a postjudgment motion to vacate a conviction when sufficient facts appear in the record so that an issue may be adequately reviewed on a direct appeal and the defendant unjustifiably failed to raise the claim on appeal (*see, e.g., People v Cooks,* 113 AD2d 975, *affd* 67 NY2d 100; *see also, People v Rodriguez,* 201 AD2d 683; *People v Skinner,* 154 AD2d 216). Insofar as the record of the *Sandoval* hearing suffices to demonstrate that the proceeding was conducted in the defendant's absence, the defendant's failure to raise this issue on his direct appeal (*People v Byrdsong,* 133 AD2d 164) precludes postjudgment relief. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.