■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX CHUNG, Appellant. [716 NYS2d 861] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered September 9, 1998, convicting him of assault in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the effective assistance of counsel is without merit. The defendant was afforded meaningful and effective representation (*see, People v Flores,* 84 NY2d 184; *People v Benn,* 68 NY2d 941; *People v Baldi,* 54 NY2d 137).

The defendant's contention that improper remarks were made by the prosecutor during summation is unpreserved for appellate review (*see,* CPL 470.05; *People v Medina,* 53 NY2d 951). In any event, any error in allowing the remarks was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX CHUNG, Appellant. [714 NYS2d 530] —Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Spires, J.), dated August 19, 1999, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered September 9, 1998, convicting him of assault in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

Contrary to the defendant's assertion, he was not denied the effective assistance of counsel. The failure of the defendant's attorney to call him and various witnesses to testify at the trial was a matter of strategy (*see, People v Benn,* 68 NY2d 941; *People v Baldi,* 54 NY2d 137) and did not deprive him of meaningful and effective representation. Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 440.10.

The defendant's remaining contentions are without merit (*see, People v Satterfield,* 66 NY2d 796; *People v Byrdsong,* 234 AD2d 468). Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.