**Eric McCALVIN, Petitioner,**

v.

**Daniel A. SENKOWSKI, Respondent.**

**No. 97 CIV. 2998(JSM).**

United States District Court,
S.D. New York.

April 5, 2001.

---

Eric McCalvin, Dannemora, NY, for Petitioner.

Edward Rodriguez, Assistant Attorney General, New York City, for Respondent.

## MEMORANDUM OPINION AND ORDER

MARTIN, District Judge.

Eric McCalvin ("Petitioner"), who was convicted of Robbery in the First Degree after a jury trial in the New York State Supreme Court, New York County, and sentenced to an indeterminate term of twelve and one-half to twenty-five years, to be served consecutively to an indeterminate term of ten to twenty years imposed after an earlier plea to the same offense arising from a different incident, brings this action pursuant to 28 U.S.C. § 2254 seeking to vacate his conviction.

Petitioner contends that: (1) the evidence against him was insufficient to sustain his conviction, (2) his sentence was excessive, and (3) his appellate counsel was ineffective in not raising on appeal the claim that his trial counsel had been ineffective.

■ In addition to contesting Petitioner's claims on the merits, the State argues that the Court should not consider his claims because they are time-barred under the Anti–Terrorism and Effective Death Penalty Act. While in other circumstances the State's claim might have merit, in this case Petitioner filed a timely petition with this Court which the Court closed on its active docket so that Petitioner could pursue an unexhausted claim in the State courts. Thus the present petition is, in effect, an amendment to the prior timely petition and, therefore, relates back to that petition for statute of limitations purposes. *See* Fed.R.Civ.P. 15(c).

■ Petitioner's claim that the evidence against him was not sufficient is merely an attack on the credibility of the principal witness. That issue was resolved against him by the jury. As the Second Circuit observed in *Farrington v. Senkowski,* 214 F.3d 237, 240–241 (2d Cir.2000):

[A] state prisoner "is entitled to habeas corpus relief [only] if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Einaugler v. Supreme Court of State of New York,* 109 F.3d 836, 839 (2d Cir.1997) (quoting *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2792–93, 61 L.Ed.2d 560 (1979)). Appellant bears the burden of rebutting the presumption that all factual determinations made by the state court were correct. *See* 28 U.S.C. § 2254(e).

While Petitioner points to certain inconsistencies in the witness' testimony, it can not be said that no rational trier of fact could have credited the essential thrust of his testimony, i.e., that Petitioner used a gun in robbing him.

■ Petitioner's claim that his sentence was excessive is without merit. Ab-

sent extraordinary factors, not present here, a sentence within the statutory range is not subject to challenge under the Eighth Amendment. *See Harmelin v. Michigan,* 501 U.S. 957, 994–96, 111 S.Ct. 2680, 2701–02, 115 L.Ed.2d 836 (1991); *Briecke v. New York,* 936 F.Supp. 78, 85 (E.D.N.Y.1996). Sentencing decisions are not cognizable on habeas corpus review unless the sentence imposed falls outside the range prescribed by state law. *See White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992). That is not the case here.

■ Petitioner's final contention is that his appellate counsel was ineffective. In order to prevail on a claim of ineffective assistance of counsel, a defendant must establish that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■ The Supreme Court decision in *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), establishes that the failure to raise a viable issue does not necessarily mean that counsel's representation was constitutionally deficient. Mere error in judgment by an attorney, even if professionally unreasonable, does not warrant setting aside the verdict of a criminal proceeding if the error does not undermine "confidence in the outcome." *See Martin v. Garvin,* No. 92 Civ. 3970, 1993 WL 138813, at *2 (S.D.N.Y. Apr. 23, 1993) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068). The soundness of this proposition is reflected in the reasoning promulgated by the Ninth Circuit that "[t]he Constitution does not guarantee representation that is infallible." *See Cooper v. Fitzharris,* 586 F.2d 1325, 1330 (9th Cir.1978).

■ While Petitioner alleges that his trial counsel was ineffective in several respects, e.g., "he failed to conduct a thorough investigation," he does not attempt to demonstrate that the result of the trial would have been different had counsel done what Petitioner alleges was not done. The prosecution's case against Petitioner rested on the testimony of the victim, and there is no suggestion that there were other witnesses to the incident who might exculpate Petitioner. Thus, the decision of appellate counsel not to raise an ineffective assistance of counsel argument on appeal was well within the range of tactical strategy that is left to the professional judgment of defense counsel, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

For the foregoing reasons, the petition for relief pursuant to 28 U.S.C. § 2254 is denied and the action is dismissed. In addition, pursuant to 28 U.S.C. § 1915(a), the Court certifies that an appeal from this case may not be taken *in forma pauperis;* such an appeal would be frivolous and cannot be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 920–21, 8 L.Ed.2d 21 (1962). The Court determines that the petition presents no question of substance for appellate review and that Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R.App. P. 22(b). Accordingly, a certificate of appealability will not issue.

**SO ORDERED.**