Edward F. GONZALEZ, Petitioner,

v.

Brian D. TRAVIS, Chairman New York State Division of Parole, Respondent.

No. 98 Civ. 6255(MGC).

United States District Court, S.D. New York.

Oct. 31, 2001.

Leonard F. Joy, The Legal Aid Society, Federal Defender Division, New York City, by Yuanchung Lee, for petitioner.

Jeanine Pirro, District Attorney, Westchester County, County Courthouse, White Plains, New York, by Joseph M. Latino, Assistant District Attorney, for respondent.

### MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Edward F. Gonzalez petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the lawfulness of his state conviction. On February 22, 1995, Petitioner was convicted of grand larceny in the second degree. On April 4, 1995, he was sentenced to a term of imprisonment of three and one-third to ten years and ordered to make restitution of $257,203.10 to the victim. Petitioner, proceeding *pro se*, then filed a motion to vacate the judgment of conviction, pursuant to N.Y.Crim. Proc.Law 440, raising ineffective assistance of counsel and *Brady* violations among other claims. The trial court de-

nied the 440 motion without a hearing. The Appellate Division, Second Department, affirmed both the conviction and the trial court's denial of the 440 motion. *People v. Gonzalez*, 246 A.D.2d 667, 666 N.Y.S.2d 950 (2d Dep't 1998). The New York Court of Appeals denied Petitioner leave to appeal. *People v. Gonzalez*, 91 N.Y.2d 973, 672 N.Y.S.2d 852, 695 N.E.2d 721 (1998).

In this petition, Gonzales, proceeding *pro se*, urged that his conviction should be overturned on the following grounds: (1) the prosecution withheld evidence that would have helped his case; (2) he received ineffective assistance of counsel; (3) the trial was fundamentally unfair because of a 14th Amendment violation by the prosecutor and the court; and (4) the trial record did not support a finding of guilty beyond a reasonable doubt; and (5) the sentence levied by the trial judge was harsh and excessive.

On October 12, 2000, Magistrate Judge Yanthis issued the attached Report and Recommendation to Judge Parker, recommending that the habeas petition be denied on procedural and substantive grounds. On November 8, 2000, Petitioner filed an objection to the Report and Recommendation, raising four grounds for relief: (1) withheld evidence; (2) ineffective assistance of counsel; (3) denial of a fair trial; and (4) insufficient evidence. After the petition was re-assigned to me, I appointed counsel to file a memorandum of law with respect to whether trial counsel rendered ineffective assistance in failing to locate and call at trial a witness who would have provided exculpatory testimony for the defendant. After de novo review and the benefit of an excellent memorandum of appointed counsel, I accept the Magistrate Judge's recommendation and deny the habeas petition for the reasons that follow.

## BACKGROUND

Gonzalez, a financial planner by profession, had been Cary Amoruso's tax preparer for five years. He was also the owner of ATG Travel Services Inc., a separate business concern which he operated with his now estranged wife and business partner, Ana T. Gonzales. Gonzales was indicted in 1994 for grand larceny in the second degree, for stealing $257,203.10 from Cary Amoruso, money that had been entrusted to Gonzales by Amoruso for investment in the "Franklin Fund," a tax-free municipal bond fund.

At the bench trial, Gonzales' client, Cary Amoruso, testified that he had, at Petitioner's direction, filled in a "Franklin Fund" application drawn up by Petitioner, and withdrawn his previous investment of $257,203.10 from the Calvert Group, with the aim of investing the money in the "Franklin Fund." Upon receiving a check for $257,203.10 from the Calvert Group, Amoruso endorsed the check and delivered it, along with the "Franklin Fund" application, to Petitioner's office. Petitioner was not at the office at that time, and Amoruso admitted at trial that he might have handed the application and check to Ana T. Gonzales. Amoruso specifically testified that he believed that his money had been invested in the "Franklin Fund," and that he did not authorize anyone to deposit the check into Petitioner's ATG Travel Services Account.

It is undisputed that Petitioner did not use Amoruso's money to set up a "Franklin Fund" account in Amoruso's name. In his trial testimony, Petitioner denied recommending the "Franklin Fund" application to Amoruso, claiming instead that he had recommended a mortgage lending program to his client. He testified that Amoruso had endorsed the Calvert Group check and left it with Ana T. Gonzalez, who then gave the check to Petitioner, and that it was clear in his mind that Amoruso had

wanted the money to be invested in mortgages with the "Thillet Law Office." Petitioner also testified that he had tried to deposit the check in his ATG Travel Services account, but that the bank manager had turned him away, saying that the check could not be deposited unless he had authorization to do so, or Amoruso was present in person. According to Petitioner's testimony, he then brought the check back to Ana T. Gonzales, and told her to take Amoruso to Citibank to deposit the check. Petitioner later learned that Ana T. Gonzales had somehow managed to deposit the check in his ATG Travel Services account. Petitioner denied that it was he who had endorsed the check he received from Amoruso. He admitted that he had written a check for $40,000 to the "Thillet Law Office," but that unbeknownst to him, Ana T. Gonzales had made large cash withdrawals from his account, and had given $110,000 to the "Thillet Law Office."

Petitioner contended at trial that he had been duped into investing Amoruso's money in the mortgage lending program by several individuals, including Julio Marcial, posing as representatives of the "Thillet Law Office," and that it was these individuals who had absconded with Amoruso's money. He also implicated Ana T. Gonzales in the conspiracy, claiming that she had made large unauthorized withdrawals from his account. Petitioner claimed that he made every effort to recover his client's money, but that these attempts proved futile.

Following his conviction, Petitioner filed a complaint with the Disciplinary Committee of the Appellate Division against the "Thillet Law Office" and Julio Marcial. The Committee's response attached a letter from Manuel E. Thillet, an attorney who claimed that he knew of other people who had been swindled by Marcial. According to Thillet's letter, Marcial had

been using Thillet's name and stationery without permission, and had absconded with money entrusted to him by his unsuspecting clients, supposedly for investment in mortgage loans. The real Thillet also wrote that he had filed a report with the Queens District Attorney's Office regarding Marcial's fraudulent behavior, and had spoken regarding this matter with an Assistant District Attorney who was investigating Marcial. Petitioner also claims to have learned after his conviction of reports made by Ana T. Gonzales to investigating detectives regarding the identity of the individuals who had stolen Amoruso's money from Petitioner.

## DISCUSSION

Petitioner raises four objections to Magistrate Judge Yanthis's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1),[1] my de novo determination of the portions of the report to which Petitioner objects is set out below.

### Withheld Evidence Claim

Petitioner claims that the prosecutor committed *Brady* violations in withholding exculpatory evidence including the Manuel Thillet report on Marcial's fraudulent dealings and a report made by Ana T. Gonzales to detectives in which she revealed the identity of the people who had stolen Amoruso's money from Petitioner. Petitioner argues that both these reports would have confirmed that it was the members of the "Thillet Law Office," not Petitioner, who had stolen Amoruso's money.

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that due process of the law requires that the prosecution disclose to the accused evidence that is *"material either to guilt or to punishment."* *Id.* at

87, 83 S.Ct. 1194 (emphasis added). In *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the Court defined "materiality" as used in *Brady* as follows: "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 473 U.S. at 682, 105 S.Ct. 3375.

The trial judge outlined three sets of facts that were important for her decision that Petitioner was guilty of grand larceny in the second degree. First, Cary Amoruso under oath adamantly denied permitting the endorsement to Petitioner's ATG Travel Services account. Second, the endorsement to ATG Travel Services was signed by Gonzalez—a fact confirmed by the bank teller who was extremely familiar with Gonzalez's signature. Finally, the credible evidence showed that Cary Amoruso did fill out an application for the "Franklin Fund" and did give it to Petitioner.

■ Petitioner's conviction for grand larceny was based on his conversion of Amoruso's money entrusted to him for investment in the "Franklin Fund," by depositing the money into his own bank account and investing the money in an unauthorized mortgage lending scheme. That Petitioner himself was subsequently duped by the "Thillet Law Office," and therefore was unable to profit from the transaction is not "material" to his guilt, since his unauthorized use of Amoruso's money to invest for his own account in a mortgage lending program was itself larceny. Manuel Thillet's report regarding Marcial and Ana T. Gonzales's report regarding the identity of the people who

---

1. 28 U.S.C. § 636(b)(1) provides, in relevant part:

A judge of the court shall make a de novo determination of those portions of the re-

port or specified proposed findings or recommendations to which objection is made.

stole Amoruso's money from Petitioner are not, therefore, "material" to Petitioner's guilt.

### Ineffective Assistance of Counsel Claim

Petitioner also claims that his trial attorney's failure to locate and call Manuel Thillet as a witness or to introduce the Thillet and the Ana T. Gonzales reports resulted in serious prejudice and a miscarriage of justice.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691, 104 S.Ct. 2052. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

■ As noted with respect to the *Brady* claim, the evidence pertaining to the Manuel Thillet and Ana T. Gonzales reports does not tend to exculpate petitioner of grand larceny in the second degree. Unauthorized use of his client's money as his own was Petitioner's crime. Defense counsel's failure to present evidence that Petitioner was duped by those with whom he wrongfully invested the money does not create a "reasonable probability that, but for counsel's ... errors, the result of the [trial] ... would have been different." *Id.*

### Remaining Claims

After examining the trial transcript and the submissions of the parties, I agree with and therefore accept the Magistrate Judge's conclusion that Petitioner's Denial of Fair Trial and Insufficient Evidence claims are meritless, and that his attack on the length of his sentence is not a cognizable habeas claim.

### CONCLUSION

For the foregoing reasons, Edward F. Gonzalez's petition for a writ of habeas corpus is denied.

SO ORDERED.

### REPORT AND RECOMMENDATION

YANTHIS, United States Magistrate Judge.

Petitioner Edward F. Gonzalez, proceeding *pro se*, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the petition be denied.

### *BACKGROUND*

#### I. Procedural History

Gonzalez was convicted, on February 22, 1995, of grand larceny in the second degree (N.Y.Penal Law § 155.40) after a bench trial. *See* Petition for Writ of Habeas Corpus ("Pet.") at ¶ 2. Said conviction involved the theft of approximately $257,000 from a victim who had entrusted him to invest that sum. *See* Brief for Resp't at ¶ 4. On April 4, 1995 he was subsequently sentenced to three and one-third (3 1/3) to ten (10) imprisonment years plus restitution of $257,203.10. *Id.;* See Pet. at ¶ 7.

Gonzalez, by and through counsel, timely appealed the judgement of conviction to the Appellate Division, Second Department, on the grounds that, inter alia,: 1) the defendant was denied a fair trial due to prosecution's use of alleged prior bad acts evidence barred by pretrial *Ventimiglia* hearing; 2) the evidence adduced at trial was insufficient to establish the requisite "larcenous intent" element of the charged

crime; 3) the defendant's sentence was harsh and excessive; 4) the judgment was procured by duress, misrepresentation or fraud by the prosecution; 5) the defendant was denied effective assistance of counsel; and 6) it was error for the court to deny defendant's N.Y.Crim.Proc.Law 440 motion without a hearing. *See People v. Gonzalez*, 246 A.D.2d 667, 656 N.Y.S.2d 950 (2d Dep't 1997). The Second Department, by decision and order dated January 26, 1998, affirmed the judgment of conviction and sentence. *Id.* The New York Court of Appeals denied the petitioner leave to appeal on April 3, 1998. *See People v. Gonzales*, 91 N.Y.2d 973, 695 N.E.2d 721, 672 N.Y.S.2d 852 (N.Y., Apr. 10, 1998) (Bellacosa, J.).

Thereafter, Gonzalez timely filed the instant Petition for Writ of Habeas Corpus in which he urges that his conviction should be overturned on the following grounds: (1) the prosecution withheld evidence that could have helped the petitioner's case; 2) he received ineffective assistance of counsel; 3) the trial was fundamentally unfair due to a 14th Amendment violation by the prosecutor and the court; 4) the trial record does not support a finding of guilty beyond a reasonable doubt by the trier of fact; and 5) the sentence levied by the trial judge was harsh and excessive. *See* Pet. at ¶ 5(A), (B), (C), and (D).

## DISCUSSION

### II. *Exhaustion of Claims*

Prior to examining the merits of Gonzalez's grounds for habeas corpus relief, this Court must consider whether the claims petitioner asserts have been properly ex-hausted. "An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State ..." 28 U.S.C. § 2254(b)(1) (West 2000)[1]. The exhaustion doctrine is an accommodation of our federal system designated to give the state courts an "initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) *citing Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Thus, exhaustion is satisfied by presenting the federal claim either on direct appeal to the state's highest court or by collateral attack of the conviction and subsequent appeal of the denial or that application to the state's highest court. *Harris v. Hollins*, No. 95 Civ. 4376, 1997 WL 5909, at *2 (S.D.N.Y. Jan.7, 1997).

However, exhaustion is unsatisfied unless there is a fair presentation of the federal claim to the state courts. *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir.1982) (en banc). Likewise, "[i]t is not enough that all facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (citations omitted). Fair presentation requires that the petitioner place "all the essential factual allegations asserted in his federal petition" and "essentially the same legal doctrine he asserts in his federal petition" before the state court. *Daye*, 696 F.2d at 191–192. The

---

**1.** A state prisoner who has been placed on parole, as is the case here, is "in custody" within the meaning of 28 U.S.C. § 2254 so that a federal district court has jurisdiction to hear and determine his claim that his sentence was imposed in violation of the United States Constitution. *See Jones v. Cunningham*, 371 U.S. 236, 242–243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) ("custody and control of parole board involve[s] significant restraints on petitioner's liberty" sufficient to invoke writ of habeas corpus).

*Daye* court cautions us that "if material facts are missing the state court has not had a fair opportunity to rule on the claim." *Id.* Specifically, fair presentation requires that the state court is alerted to the claim(s) federal nature. *Id.*

The most forthright way to present a constitutional claim to a state court is to recite the relevant facts and then make an explicit constitutional argument. *See,* e.g., *Daye,* 696 F.2d at 192. However, the Second Circuit has delineated an illustrative list of ways the petitioner may alert the state court to the constitutional nature of his claim without citing "book and verse" of the constitution. *Id.* at 194. This list provides for:

> a) reliance on pertinent federal cases employing constitutional analysis, b) reliance on state cases employing constitutional analysis in like fact situations, c) assertion of the claim in terms so particular as to call to mind a specific right to be protected by the Constitution, and d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

*Id.*

In the instant case, the respondent Parole Division argues that Gonzalez's first and second claims contain additional factual allegations, e.g., new allegations of *Brady* violations, not raised in any appeal before the state courts. As such, the Parole Division contends that said claims are unexhausted and require dismissal. The law is very clear that dismissal is not required when the evidence presented for the first time in a habeas petition "merely supplements" but does not fundamentally alter the claim presented before the state courts. *Caballero v. Keane,* 42 F.3d 738, 741 (2d Cir.1994). In other words, it is only where the factual underpinnings of the habeas petition are substantially different from those presented to the state court

should this Court find Gonzalez's claims to be unexhausted. *Id.*

In his state court proceedings, Gonzalez alleged prosecutorial misconduct through the following *Brady* violations: 1) failure to turn over bank records and letters; 2) failure to disclose reports concerning Ana T. Gonzalez; and 3) the prosecution failed to locate the Thillet Law Firm. In the habeas petition herein, Gonzalez alleges that several additional reports were not turned over to the defense in support of his contention of prosecutorial misconduct.

Also, in his state court proceedings, Gonzalez alleged ineffective assistance of counsel through his counsel's lack of trial preparation, failure to interview or impeach witnesses, and failure to interpose useful objections. In his habeas petition herein, Gonzalez adds several additional grounds for alleging ineffective assistance of counsel.

The Court concludes that the new allegations fundamentally alter both claims. Said new allegations are unexhausted making Gonzalez's petition a "mixed" one which would justify dismissal. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In any event, the Court will review each claim in the habeas petition.

### III. *Claims 1–3 are Procedurally Barred*

Where there are adequate and independent state grounds for a court's decision, federal habeas review is barred. *Harris v. Reed,* 489 U.S. 255, 260–62, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). A clear and express statement by the last court to render a judgement that rests on a state procedural grounds triggers the procedural bar. *Richter v. Artuz,* 77 F.Supp.2d 385, 394 (S.D.N.Y.1999), *citing Harris v. Reed,* 489 U.S. at 263, 109 S.Ct. 1038. A state court's finding that issues are procedurally barred "in addition to finding that they

were, in any event without merit" also bars a habeas court from reaching the merits of the claim. *Id.*

However, a procedurally defaulted claim may still be reviewed by a federal court if the petitioner can demonstrate "cause for default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

### A. *Claim 1: Withheld Evidence*

Gonzalez claims that he was denied a fair trial because the prosecutor withheld exculpatory evidence including: reports of Ana Gonzalez, Jimmy Lopez, Cary Amoruso, Jimmy Lopez, Jerry Liguori, Fay or Salvatore Fierro, Esperenza Crespo, and Hector Torres; Bank of New York stolen check affidavits; and a Manuel Thillet report on the illegalities of Julio Marcel.

Those allegations were raised in Gonzalez's first CPL 440.10 motion and were rejected by the trial court. (See Ex. 10, Resp't App.). The trial court rejected them as inappropriate for review in that forum citing CPL 440.10[2][b]. *Id.* Further, for the claims within the ambit of CPL 440 review, the trial court found that they were without merit. *Id.* On appeal, the Appellate Division, Second Department, affirmed the denial of Gonzalez's CPL 440.10 motion to vacate judgment. (See Ex. 15, Resp't App.). The Appellate Division held that the claims of failure to disclose *Rosario* material and *Brady* material were matters which could have been raised on direct appeal (*See*, CPL. 440.10[2] and [3] ). *Id.* Hence, these claims were found to be procedurally barred. Therefore, there is an adequate and independent finding by the Appellate Division that Gonzalez is procedurally barred from raising said claims. He has made no attempt to show cause and prejudice or that a fundamental miscarriage of justice would result if the claim is not addressed, nor is either apparent. Accordingly, review of Gonzalez's first claim is barred.

In any event, Gonzalez has failed to demonstrate that the materials in question are in fact covered by *Brady*. Moreover, he has failed to show a likelihood that the result of his trial would have been different if he possessed said materials. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Therefore, this Court finds that a review of Gonzalez's first claim is procedurally barred.

### B. *Claim 2: Ineffective Assistance of Counsel*

Gonzalez argues as his second ground for habeas relief that his trial counsel was ineffective in several aspects, including counsel's: lack of trial preparation; failure to interview or impeach witnesses; failure to interpose useful objections during trial; failure to locate the Thillet law Office and review evidence; failure to hire a handwriting expert or accountant; failure to advise the trial court of the existence of perjured testimony; and failure to place on the record the trial court's alleged promise to a sentence of probation in exchange for a jury waiver. Only some of these issues were raised in his CPL. 440.10 motion alleging ineffective assistance of counsel which was rejected on state procedural grounds. Specifically, the alleged shortfalls were reviewable on direct appeal and are therefore outside the ambit of a CPL 440.10 motion. (Ex. 10, *supra* ). As such, the petition is "mixed" and can be barred from review.

In any event, Gonzalez has not demonstrated any "prejudice" as a result of the alleged deficient representation. *See*, *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

A review of the record shows that the trial court was presented with ample evidence in this non-jury case. (Trial Transcript of February 21, 1995 at 152–154). This Court also notes that the trial court denies making a promise to give a sentence of probation in exchange for the waiver of a trial by a jury. (*See* Ex. 10 at 5, *supra*). Additionally, the trial court comments on the record that Gonzalez's counsel was "extremely competent" in performing his duties at trial. (Trial Transcript of Feb 21, 1995 at 153). In sum, Gonzalez has not demonstrated any deficient performance by trial counsel nor that he was prejudiced by any of his contentions. The claim of ineffective representation must be denied on this basis.

Moreover, New York law bars the consideration via collateral attack of an issue that could have been raised on direct appeal. *See People v. Byrdsong*, 234 A.D.2d 468, 469, 651 N.Y.S.2d 903 (2d Dep't 1996) ("Pursuant to CPL. 440.10(2)(c) a court must deny a post judgement motion to vacate a conviction when sufficient facts appear in the record so that the issue may be adequately reviewed on a direct appeal and the defendant unjustifiably failed to raise claim on appeal."). Thus, there is an adequate and independent finding that Gonzalez had procedurally defaulted on this claim. He has failed to show cause and prejudice, or that a fundamental miscarriage of justice would result if the claim is not addressed. Therefore, Gonzalez's second claim is barred from federal habeas review.

### C. Claim 3: Denial of Fair Trial

■ Gonzalez also contends that he was denied a fair trial through misconduct of the prosecution and the trial court. The Appellate Division, Second Department, rejected this contention, holding in part that: "The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial because the trial court had acquired information during a pretrial hearing about an investigation of the defendant with respect to an unrelated matter." *People v. Gonzalez*, 246 A.D.2d 667, 666 N.Y.S.2d 950 (2d Dept.1998). As such, there is an adequate and independent finding by the Appellate Department that petitioner is procedurally barred from raising this claim. He has made no attempt to show cause and prejudice or that a fundamental miscarriage of justice would result if the claim is not addressed. Thus, review of Gonzalez's third claim is precluded.

■ In any event, Gonzalez's position that he was denied a fair trial due to the trial court having knowledge of "prior bad acts" lacks merit. The trial court ruled that the alleged possession of 38 stolen checks by Gonzalez was inadmissible in his non-jury trial. It is well settled that in a non-jury case the trial judge is presumed to be able to exclude any incompetent evidence, absent a showing of substantial prejudice by the defendant. *Stephens v. LeFevre*, 467 F.Supp. 1026, 1030 (S.D.N.Y. 1979) (citing cases). No such showing of substantial prejudice has been made. Thus, Gonzalez's third claim for habeas relief is procedurally barred.

### IV. Claims 4 and 5 are not cognizable

### A. Claim 4: Insufficient Evidence

■ A federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the constitution, law, or treaties of the United States. *Beverly v. Walker*, 899 F.Supp. 900, 908 (N.D.N.Y. 1995). Accordingly, federal habeas review of state court rulings is limited to determining whether the alleged error rose to the level of a Constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "A claim of insufficiency of evidence is essentially a question of state law, and does not

rise to the level of a federal constitutional claim absent a record so totally devoid of evidentiary support that a due process issue is raised." *Bossett v. Walker,* 41 F.3d 825, 830 (2d Cir.1994), *cert. denied,* 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995). When reviewing a claim of sufficiency of the evidence in the context of a habeas corpus petition, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). Generally, rulings by state courts on evidentiary issues, even if erroneous, do not rise to the level of a Constitutional violation. *Roberts v. Scully,* 875 F.Supp. 182, 189 (S.D.N.Y. 1995), *aff'd,* 71 F.3d 406 (2d Cir.1995).

■ Here, a review of the record in the light most favorable to the prosecution shows that a rational fact finder could find Gonzalez guilty beyond a reasonable doubt of grand larceny in the second degree under New York law. Gonzalez asserts that insufficient evidence was produced at trial to prove the larcenous intent element of grand larceny in the second degree. This Court is in agreement with the Appellate Division's finding that the evidence adduced at trial was sufficient to prove all the elements of the defendant's guilt beyond a reasonable doubt. The Appellate Division reasoned that the evidence at trial sufficed to establish larcenous intent, "since that element may be 'satisfied by a showing that the thief exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights.' " *See People v. Gonzales,* 91 N.Y.2d 973, 695 N.E.2d 721, 672 N.Y.S.2d 852 (N.Y., Apr. 10, 1998) (Bellacosa, J.). Further, a review of the record shows that there was ample evidence for a rational trier of fact to reasonably conclude

that the evidence supported Gonzalez's guilt beyond a reasonable doubt for grand larceny in the second degree. Thus, Gonzalez's claim of insufficient evidence of larcenous intent is not cognizable for habeas relief.

**B.** *Claim 5: Harsh and Excessive Sentence*

■ "It is well established that, when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief." *Thomas v. Senkowski,* 968 F.Supp. 953, 956 (S.D.N.Y.1997) (citations omitted). "[N]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992).

Gonzalez was convicted of grand larceny in the second degree and sentenced to three and one-third (3 1/3) to ten (10) years imprisonment. This sentence is within the statutory range. N.Y.Penal Law § 155.40 (grand larceny in the second degree is a Class C felony); N.Y.Penal Law § 70.00 (maximum sentence of ten years for Class C felony). Therefore, Gonzalez's contention that his sentence was excessive and harsh is not a cognizable habeas claim.

*CONCLUSION*

For the reasons set forth above, it is respectfully recommended that the instant petition for writ of habeas corpus be denied in its entirety.

*NOTICE*

Pursuant to 28 U.S.C. § 636(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13)

days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed.R.Civ.P. 6(e). Such objection, if any shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Barrington D. Parker, at the United States District Court, Southern District of New York, United States Court House, 300 Quarropas Street, White Plains, New York, 10601, and to the Chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will produce later appellate review of any order of judgement that will be entered. *See Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2nd Cir.1989).

Requests for extension of time to file objections must be made to the Honorable Barrington D. Parker and not to the undersigned.