Louis PINA, Petitioner,

v.

Robert KUHLMANN, Superintendent,
Sullivan Correctional Facility,
Respondent.

No. 99–CV–4806 (ADS).

United States District Court,
E.D. New York.

Jan. 13, 2003.

Louis Pina, Elmira, NY, pro se, Petitioner.

Denis Dillon, District Attorney of Nassau County by Assistant District Attorneys Tammy J. Smiley and John F. McGlynn, Mineola, NY, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Louis Pina ("Pina") petitions for a writ of habeas corpus from his 1995 conviction in state court, pursuant to 28 U.S.C. § 2254. For the reasons stated below, Pina's petition is denied.

Mid-day on August 15, 1994, Renaldo Ramsuchit ("Renaldo"), his brother Randolph, Rashid Ford, and Allen walked through the Green Acres Shopping Mall in Valley Stream, New York. Pina, his girlfriend Anita Luckett, and co-defendant Leonel Gondola ("Gondola") also patronized the mall that afternoon.

As the two groups passed each other, Renaldo and Pina exchanged unkind words, and a fight subsequently broke out. Pina punched Renaldo in the face. Gondola also punched Renaldo. Randolph, Rashid and Allen attempted to help Renaldo, but Gondola pulled out a knife and held them off. Pina and Renaldo wrestled with each other and wound up on the floor of Victoria's Secret, a woman's clothing store located inside the mall. Gondola then turned, stabbed Renaldo in the back, and ran away.

Meanwhile, Danny Robinson ("Robinson"), an unarmed security guard, saw the two men fighting and told the store manager to call the police. Pina had wrestled Renaldo to the ground, and as Renaldo lay on his back, Pina got on top of him, placed his left hand on Renaldo's neck, and held Renaldo's head to the floor. Robinson yelled at them to stop. Pina said "Fuck this shit," reached into his boot and pulled a large kitchen knife. Robinson said, "You're not going to do that." Pina raised the knife up and plunged it into Renaldo's chest, then fled from the store. Renaldo got to his feet, but fell over and died shortly thereafter. The police arrested Pina the following day.

On September 21, 1995, after a jury trial, the jury convicted Pina of Murder in the Second Degree (N.Y. Penal Law

§ 125.25(1)) and Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law § 265.01(2)). On December 1, 1995, the court sentenced Pina to an indeterminate prison sentence of 25 years to life and a concurrent term of one year.

Pina directly appealed his conviction to the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"), alleging that: (1) the evidence failed to show beyond a reasonable doubt that he intended to kill; (2) his sentence was harsh and excessive; (3) the police arrested him without probable cause; (4) the trial court erred in its response to the jury's inquiries; (5) the trial court erred in its jury instruction on the prosecution's *Rosario* violation; (6) the prosecutor committed misconduct during summation which denied him a fair trial.

On April 13, 1998, the Appellate Division affirmed Pina's conviction, finding that: (1) the police had probable cause to arrest him; (2) that the evidence was legally sufficient to establish his guilt beyond a reasonable doubt; (3) his sentence was not excessive; and (4) his remaining contentions were either unpreserved for appellate review or without merit. *People v. Pina*, 249 A.D.2d 421, 422, 670 N.Y.S.2d 786, 787 (2d Dept.1998). On August 17, 1998, the New York Court of Appeals denied Pina leave to appeal. *People v. Pina*, 92 N.Y.2d 903, 680 N.Y.S.2d 67, 702 N.E.2d 852 (1998).

On August 11, 1999, Pina filed the instant petition for a writ of habeas corpus, alleging that: (1) the prosecution failed to prove beyond a reasonable doubt that he intended to kill; (2) his sentence was excessive; (3) the police arrested him without probable cause; (4) the trial court erred in its response to a jury inquiry; (5) the trial court erred in its jury instruction regarding a videotape of the crime scene which the police allegedly lost or destroyed; and (6) the prosecution's summation constituted misconduct that deprived him of a fair trial.

### DISCUSSION

Pina filed this action after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, AEDPA's provisions apply to his case. *Williams v. Taylor*, 529 U.S. 420, 429, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

Under the provisions of Section 2254(d), a habeas corpus application must be denied unless the state court's adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). A decision is "contrary to" established Federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." *Penry v. Johnson*, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.*

### A. As to the Insufficient Evidence Claim

Pina alleges that the prosecution failed to prove beyond a reasonable doubt that he intended to kill Renaldo.

A petitioner who challenges the sufficiency of the evidence supporting his conviction "bears a heavy burden." *United States v. Griffith,* 284 F.3d 338, 348 (2d Cir.2002) (citing *United States v. Velasquez,* 271 F.3d 364, 370 (2d Cir.2001)). To obtain habeas corpus relief, the Court must find that, when viewing the evidence most favorably to the prosecution, no rational trier of fact could find guilt beyond a reasonable doubt. *Farrington v. Senkowski,* 214 F.3d 237, 240–41 (2d Cir.2000) (citing *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

In addition, the Court must defer to the jury's determination of the weight given to conflicting evidence, witness credibility, and inferences drawn from the evidence. *United States v. Vasquez,* 267 F.3d 79, 90–91 (2d Cir.2001) (citing *United States v. Payton,* 159 F.3d 49, 56 (2d Cir.1998); *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942)). A guilty verdict may not be disturbed if the jury has resolved these issues in a reasonable manner. *See id.* The Court's "inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins,* 506 U.S. 390, 402, 113 S.Ct. 853, 861, 122 L.Ed.2d 203 (1993) (emphasis in original).

Applying the above standard, the Court finds that the evidence sufficiently supports Pina's murder conviction. The prosecution presented evidence that Pina carried a butcher knife with a six-inch blade in his boot. During the altercation with Renaldo, Pina held Renaldo on the floor with his hand on Renaldo's neck. Pina withdrew the knife and said "Fuck this shit." (T.R. of 9/19/95, at 850.) Then Pina plunged the knife into Renaldo's chest, piercing the left ventricle of his heart, killing him. When viewing the sum of the evidence presented, the jury could have reasonably concluded that Pina intended to kill Renaldo. *See Bossett v. Walker,* 41 F.3d 825, 830 (2d Cir.1994) (" 'a conviction may be based upon circumstantial evidence and inferences based upon the evidence' ") (quoting *United States v. Strauss,* 999 F.2d 692, 696 (2d Cir.1993)); *see also Steele v. Walter,* 11 F.Supp.2d 252, 259 (W.D.N.Y.1998) (finding evidence sufficient to conclude that petitioner intended to stab victim where eyewitness observed petitioner thrust knife into victim). Pina has not demonstrated that the Court should disturb the jury's verdict. Accordingly, this claim is denied.

## B. As to the Alleged Excessive Sentence

Pina argues that the trial court imposed an excessive sentence without considering the mitigating circumstances he presented.

It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992). "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *Id.; see Gonzalez v. Travis,* 172 F.Supp.2d 448, 457 (S.D.N.Y.2001) (finding excessive sentence claim not cognizable for habeas review where sentence was within statutory range); *Herrera v. Artuz,* 171 F.Supp.2d 146, 151 (S.D.N.Y. 2001) (holding the trial court's imposition of consecutive sentences was appropriate and did not provide ground for habeas relief); *McCalvin v. Senkowski,* 160 F.Supp.2d 586, 589 ("Sentencing decisions are not cognizable on habeas review unless the sentence imposed falls outside the range prescribed by state law."); *Thomas v. Senkowski,* 968 F.Supp. 953, 956–57 (E.D.N.Y.1997) (dismissing excessive sen-

tence claim where the petitioner's sentence fell within the range prescribed by state law).

Upon his conviction for Murder in the Second Degree and Criminal Possession of a Weapon in the Fourth Degree, the court sentenced Pina to an indeterminate prison sentence of 25 years to life and a concurrent term of one year. Pina's sentence fell within the guidelines prescribed by state law. N.Y. Penal Law § 70.00(2)(a), (3)(a)(i). Thus, his claim is not cognizable for federal habeas corpus review. Accordingly, the claim is dismissed.

### C. As to the Fourth Amendment Claim

 Pina alleges that the police did not have probable cause to arrest him and that his post-arrest statements should have been suppressed as fruits of an illegal arrest.

It is well settled that such claims are not cognizable for habeas corpus review where the State has provided a full and fair opportunity to litigate this issue. *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) ("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

Pina argued his Fourth Amendment claim before the trial court in a pre-trial hearing. The trial court denied his motion to suppress and both the Second Department and the New York State Court of Appeals upheld that decision. Pina had a "full and fair" opportunity at the state level to litigate his Fourth Amendment claims. Accordingly, Pina may not be granted federal habeas corpus relief on this claim. *Graham v. Costello*, 299 F.3d 129, 131 (2d Cir.2002); *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir.1991).

### D. As to the Alleged Trial Court Error Regarding a Jury Inquiry

Pina asserts that the trial court failed to properly respond to the jury's request for evidence during deliberations, which denied him a fair trial. Specifically, Pina claims that the trial court violated N.Y.Crim. Proc. Law § 310.30, which provides that in response to a jury inquiry, the court "must give such requested information or instruction as the court deems proper."

Here, the jury requested a photograph, witness statements and police testimony, but they did not specify which photograph or which portion of the testimony. The court asked the jury to clarify its request. Regarding the witness statements, the court found that they were not entered into evidence, and thus the jury could not view them during deliberations. (T.R. of 9/21/95, at 1235–40.)

 "A federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the Constitution, laws or treaties of the United States." *Beverly v. Walker*, 899 F.Supp. 900, 908 (N.D.N.Y.1995) (citing 28 U.S.C. § 2254(a)). Thus, federal habeas corpus relief is not available for state law errors that do not rise to the level of federal constitutional violations. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *see Smith v. Phillips*, 455 U.S. 209, 211, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (holding that non-constitutional claims are not cognizable in federal habeas proceedings).

Pina's claim is based on an alleged state law violation. He admits that the trial court has discretion in deciding whether to

grant a jury's request for information. (Pet'r Mem. of Law of 8/26/99, at 20.) Here, the trial court did not deny the jury's request, but simply asked for clarification. Pina has not demonstrated that the trial court violated state law nor his federal constitutional rights. Accordingly, this claim is denied.

### E. As to the Jury Charge

■ Pina asserts the trial court erred in its jury charge regarding missing evidence—a videotape of the parking lot outside the Green Acres Mall which the police allegedly lost or destroyed. Pina does not challenge the substance of the trial court's charge, but argues that the court should have given an adverse inference instruction during the trial, rather than during the jury charge. He claims that waiting until the end of the trial to give the instruction caused him prejudice.

■ " 'In order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law.' " *Sams v. Walker*, 18 F.3d 167, 171 (2d Cir.1994) (quoting *Casillas v. Scully*, 769 F.2d 60, 63 (2d Cir.1985)); *see also Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973).

Pina has failed to show that the trial court erred in its instruction, and that the alleged error violated his federal rights. Pina's trial counsel did not request an adverse inference charge during the trial. However, Pina's attorney cross-examined the police officer responsible for the videotape and elicited information that the police officer had lost the tape and was unable to produce it at trial. (*See id.* at 813–

14.) Thus, the jury immediately discovered that the videotape's absence was imputed to the prosecution.

Moreover, testimony concerning the videotape indicated that it would not have been helpful or harmful to either party. Thus, it is highly unlikely that Pina suffered any prejudice as a result of the tape's absence. In any event, the curative instruction that the trial court gave was sufficient to eliminate any unfairness to Pina. Pina has not shown how the timing of the instruction caused him prejudice. Accordingly, this claim is denied.

### F. As to the Alleged Prosecutorial Misconduct

■ Pina argues that the prosecutor committed misconduct during summation because he referred to his testimony as "ridiculous" "utter nonsense" and stated that "it makes no sense."

■ The standard for reviewing a claim of prosecutorial misconduct is " 'the narrow one of due process, and not the broad exercise of supervisory power.' " *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974)). Habeas corpus relief is available only where the prosecutor's remarks so infected the trial with unfairness that the resulting conviction is a denial of due process. *Donnelly*, 416 U.S. at 643, 94 S.Ct. 1868. A federal court must distinguish between " 'ordinary trial error of a prosecutor and that sort of egregious misconduct . . . amounting to a denial of constitutional due process.' " *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir.1990) (quoting *Donnelly*, 416 U.S. at 647–48, 94 S.Ct. 1868). In order to show a constitutional violation, the petitioner must demonstrate that he suffered actual prejudice from the

 

prosecutor's remarks. *Salcedo v. Artuz,* 107 F.Supp.2d 405, 416 (S.D.N.Y.2000).

 The prosecution is entitled to rebut arguments raised during defendant's summation, " 'even to the extent of permitting the prosecutor to inject his view of the facts to counter the defense counsel's view of the facts.' " *Readdon v. Senkowski,* 1998 WL 720682 at *4 (S.D.N.Y.1998) (quoting *Orr v. Schaeffer,* 460 F.Supp. 964, 967 (S.D.N.Y.1978)). "Where a prosecutor's statement is responsive to comments made by defense counsel, the prejudicial effect of such objectionable statements is diminished." *Pilgrim v. Keane,* 2000 WL 1772653 at *3 (E.D.N.Y. Nov. 15, 2000).

The prosecutor's summation did not violate Pina's due process rights. The prosecution's comments during closing argument were made in response to defense counsel's closing remarks, and the prosecution was entitled to rebut those arguments. *Readdon,* 1998 WL 720682, at *4.

In any event, Pina has not demonstrated that his trial was infected with unfairness, or that the outcome of his trial would have been different but for such error. *Bacchi v. Senkowski,* 884 F.Supp. 724, 733 (E.D.N.Y.1995). In light of the evidence against Pina, including eyewitness testimony, it is unlikely that the prosecutor's comments affected the verdict. Accordingly, this claim is denied.

### CONCLUSION

For the foregoing reasons, Pina's petition for a writ of habeas corpus is DENIED. Pursuant to Fed. R.App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Pina has not made a substantial showing of a denial of a constitutional right. *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090; *Lucidore v. New York State Div. Of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**